IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Appellees, <br><br> v. <br><br> GOOGLE LLC, <br><br> Appellee, <br><br> BRAD GREENSPAN, <br><br> Appellant. | Case No. 24-5006 |

**APPELLEE GOOGLE LLC'S COMBINED OPPOSITION TO APPELLANT BRAD GREENSPAN'S MOTION TO DISQUALIFY UNDERSIGNED COUNSEL AND MOTION TO EXTEND TIME OR STAY**

Appellee Google LLC respectfully requests that the Court deny Appellant Brad Greenspan's "Motion to Disqualify ABA Rule 1.7, 1.9, 3.7" dated April 24, 2024 and his "Motion to Extend Time or Alternatively Motion to Stay" dated April 24, 2024.

The former motion purportedly seeks to disqualify undersigned counsel and his law firm, which has represented Google in the underlying antitrust actions brought by the United States and a number of States and Territories since the cases were filed in 2020. There is no factual or legal basis for the motion, which is part

of an improper pattern of conduct that has unnecessarily burdened the parties and the District Court. *See* Dist. Ct.'s Jan. 25, 2024 Minute Order (Ex. C to Google's Apr. 16, 2024 Mot. to Dismiss or Summarily Affirm Supp. Notices of Appeal) (noting Appellant's "history of frivolous, repetitive filings" in the District Court following the Court's denial of his motion to intervene on the final day of trial).

Appellant's April 24, 2024 motion for an extension of time should also be denied because it offers no basis for allowing Appellant yet another extension. More than two months have passed since Plaintiffs and Google each filed short, straightforward motions explaining why this Court should summarily resolve Appellant's appeal of the denial of his motion to intervene in the underlying actions. Instead of timely responding to the dispositive motions, Appellant has filed various supplemental notices of appeal and baseless disqualification motions that attack the integrity of the District Court, government officials, and undersigned counsel.

## I.    Appellant's Motion to Disqualify Undersigned Counsel

"The disqualification of a party's chosen counsel … is a 'drastic measure that is disfavored by the courts'" because it "'negates a client's right to freely choose his counsel.'" *Ambush v. Engelberg*, 282 F. Supp. 3d 58, 62 (D.D.C. 2017); *see Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441 (1985) (Brennan, J., concurring). "Courts must also 'recognize of course that disqualification

2

motions may be used as "procedural weapons" to advance purely tactical purposes.'" *Paul v. Judicial Watch, Inc.*, 571 F. Supp. 2d 17, 20 (D.D.C. 2008). That concern is particularly apparent here, given that Appellant did not file a motion to disqualify with the District Court, has expressly sought to use the disqualification motion to delay resolution of his meritless appeal, and in this case alone has moved for the recusal of two judges and the disqualification of an Assistant Attorney General in addition to seeking to disqualify undersigned counsel.

### a. Appellant Lacks Standing to Seek Disqualification

The District Court denied Appellant's motion to intervene in the underlying actions because, among other things, he failed to establish Article III standing. The District Court's determination was correct in all respects, as discussed in the motions filed with this Court on February 26, 2024. Appellant's frivolous April, 24, 2024 motion to disqualify undersigned counsel suffers the same fundamental defect.

Appellant's first argument for disqualification apparently stems from a dissatisfaction with Plaintiffs' litigation strategy, which he attempts to attribute to a purported "conflict of interest" involving undersigned counsel and Assistant Attorney General Jonathan Kanter each having represented other clients in other

3

matters. *See* Mot. to Disqualify at 4-6.[1] Even setting aside the myriad factual and legal deficiencies in Appellant's argument, Appellant does not and cannot explain how a member of the general public (whose motion to intervene has been denied) has standing to seek disqualification on the bases asserted. Appellant is not a current or former client of Williams & Connolly LLP, and he has not experienced any cognizable injury as a result of Google's choice of counsel in this case. Moreover, whatever interest Appellant purports to have in Plaintiffs' litigation strategy does not give rise to a "particularized injury" that "'is personal, individual, distinct, and differentiated.'" *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 914 (D.C. Cir. 2015). Rather, Appellant's asserted grievance is no different than the "'generalized or undifferentiated'" interest that any given member of the public might have in a case to which they are not a party. *Id.*

Appellant's "[a]lternative grounds" for disqualification involve his apparent disagreement with Google's citation to an order entered by another court declaring him a vexatious litigant. Mot. to Disqualify at 6; *see id.* at 6-11. While Appellant's assertions are incorrect on the law and the facts, as a threshold matter

---

[1] Undersigned counsel represented Blue Sky Studios, Inc., a subsidiary of News Corp., in litigation regarding so-called "no poach" agreements, and Williams & Connolly LLP has represented News Corp. in a number of matters. Appellant's motion indicates that when Mr. Kanter was in private practice at a different law firm, he represented News Corp. in unspecified matters and Microsoft Corp. in an investigation "relating to potential agreements among certain firms regarding employee recruiting." Mot. to Disqualify at 5, 18.

his purported grievance does not give him standing to seek disqualification. As Google explained in its February 26 and April 16, 2024 motions, Appellant's motion to intervene has been denied, and he has no entitlement to attempt to dictate the course of this litigation, whether through motions to join parties, recuse judges, disqualify lawyers, or any other mechanism.

      **b.**      **Appellant's Motion for Disqualification Is Baseless**

Appellant's motion cites no authority that could possibly justify disqualifying Google's counsel because there is none. ABA Rules 1.7 and 1.9 address an attorney's duty to current and former clients, respectively. Mr. Greenspan is neither a current nor a former client of Williams & Connolly LLP, and there is no conceivable conflict in the firm's long-running representation of Google in this case. Appellant appears to assert that the United States, as Plaintiff in the underlying action, has refrained from making certain (baseless) arguments because Assistant Attorney General Kanter represented News Corp. and Microsoft while in private practice. *E.g.*, Mot. to Disqualify at 5. It is absurd to suggest that the underlying action has not been vigorously litigated, and the assertions involving the sale of MySpace or "no poach" agreements that Appellant apparently believes the United States should have pursued are facially irrelevant. Moreover, Assistant Attorney General Kanter's prior representations identified by Appellant involved one company that is plainly adverse to Google in this matter (*i.e.*,

5

Microsoft) and another that was not called by any party as a witness in the case (*i.e.*, News Corp.). In all events, Appellant's erroneous assertions about how the United States has pursued its case could not possibly justify depriving *Google* of its choice of counsel.

ABA Rule 3.7 is also plainly inapposite, as it addresses circumstances under which a lawyer is likely to be a necessary witness in a case. The underlying actions have already been tried without any suggestion that undersigned counsel was a potential witness, and any such argument would have been frivolous. The matter involving Blue Sky Studios cited by Appellant involved issues and events that are unrelated to those presented by this case, and undersigned counsel was not a witness, but rather outside counsel for Blue Sky Studios—a company that has played no role in this litigation. Appellant's assertions about undersigned counsel amount to nothing more than the unremarkable observation that lawyers represent multiple clients, which does not permit someone such as Appellant who is not a client (or even a party) to seek disqualification.

As "[a]lternative grounds for disqualifying" undersigned counsel, Appellant takes issue with Google having noted that Appellant was previously declared a vexatious litigant in a case in the U.S. District Court for the Northern District of California, where he submitted frivolous motions similar to those that he filed with the District Court in this case and is now filing with this Court. Mot. to Disqualify

6

at 6; *see id.* at 6-11.  Appellant seemingly contends that reference to the order declaring him a vexatious litigant was improper because Google knew that Appellant had already filed a notice of appeal to the Ninth Circuit when it asked the U.S. District Court for the Northern District of California to declare him a vexatious litigant.  *See id.* at 6-9.  But that is precisely why the motion was necessary.  As Google explained in the opening paragraph of its brief in that case, Appellant filed seven baseless motions "after May 5, 2016, when the Court denied [his] motion to set aside the Court's judgment to dismiss the case, effectively ending this litigation," such that Google had to take the steps necessary to "constrain [Appellant's] ability to file any further pleadings in this closed case."  Ex. A at 3.[2]  Furthermore, as the U.S. District Court for the Northern District of California observed in its September 30, 2016 order, Appellant's "practice of filing of frivolous motions is not limited to this case."  Ex. A to Google's Feb. 26, 2024 Mot. for Summary Affirmance at 14.  Google simply wanted Appellant to stop making abusive filings following the Court's dismissal of his complaint, which is all that it wants here given the denial of his motion to intervene.

---

[2]  Exhibit A is Google's August 18, 2016 Motion for an Order Declaring Plaintiff a Vexatious Litigant filed at ECF No. 150 in *Greenspan v. IAC/InterActiveCorp.*, No. 5:14-cv-04187 (N.D. Cal.).  Google is also attaching as Exhibit B the docket sheet from that case, which reflects the timing of the many motions filed by Appellant.

7

While Google's characterization of Appellant's prior conduct was accurate in all respects, its arguments could not possibly serve as a basis for disqualifying counsel in any event. Appellant cites no authority for seeking to disqualify a party's counsel on the basis of a purported dispute about a previous ruling, and any such rule would be untenable given the frequency with which disagreements about the significance of a prior order occur in litigation. There is simply no basis for the relief sought by Appellant, and the "Motion to Disqualify ABA Rule 1.7, 1.9, 3.7" should be denied.

## II. Appellant's Motion to Extend Time or Stay Should Be Denied

Google respectfully requests that the Court also deny Appellant's April 24, 2024 "Motion to Extend Time or Alternatively Motion to Stay" and grant the dispositive motions filed by Google and Plaintiffs on February 26, 2024. Appellant previously sought an extension of time through April 24, 2024 to respond to the parties' February 26, 2024 motions on the basis that he "has retained outside counsel that subsequently was granted D.C. Bar membership" and "additional time is now required … for outside counsel to get up to speed." Mar. 25, 2024 Mot. to Extend Time. In granting the requested extension through April 24, 2024, the Court explained that "[f]ailure to respond may result in dismissal of the case for lack of prosecution." Apr. 11, 2024 Order. Appellant failed to respond on the deadline, and his April 24, 2024 motion offers no explanation for

his request for another 28 days to oppose straightforward motions explaining why the District Court correctly determined that he cannot intervene in the underlying actions. The disqualification motions described above do not justify an extension or stay, as the Court can address each motion simultaneously. *E.g.*, *CFPB v. Ocwen Fin. Corp.*, No. 14-5265, 2015 WL 4170713, at *1 (D.C. Cir. Apr. 7, 2015) (granting a motion for summary affirmance because "[t]he district court properly denied leave to intervene" and simultaneously ordering that the putative intervenor's "motion to disqualify counsel be denied").

Dated: May 6, 2024         Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com

*Counsel for Defendant-Appellee Google LLC*

9

## **CERTIFICATE OF COMPLIANCE**

1.      The foregoing document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,746 words.

2.      This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman font theme, in font size 14.

*/s/ John E. Schmidtlein*
John E. Schmidtlein

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024 the foregoing Appellee Google LLC's Combined Opposition to Appellant Brad Greenspan's Motion to Disqualify Undersigned Counsel and Motion to Extend Time or Stay and accompanying Exhibits A and B were electronically filed using the CM/ECF system and sent by certified mail to Brad Greenspan at 244 Fifth Avenue #G290, New York, NY 10001.

 /s/ John E. Schmidtlein
John E. Schmidtlein