# IN THE
## United States Court of Appeals
*for the*
## District of Columbia Circuit

In re: BRAD GREENSPAN, on behalf of himself and all others similarly situated,
*Petitioner*,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*Respondent*,

and

UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN

*Plaintiffs*,

v.

GOOGLE, LLC.

*Defendant*.

STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA,

STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON,

*Real Parties in Interest.*

**REPLY TO OPPOSITION TO MOTION TO DISQUALIFY 18 U.S. CODE § 205;208**

Brad Greenspan
244 5th Ave, Suite #G290
New York, NY 10001
Email: legalsupport1@nym.hush.com
*Petitioner Pro Se*

**REPLY TO OPPOSITION**

Disqualification of Mr. Kanter, is required. Opposition parties main effort appears to be the non-party tag disqualification safe harbor they scream praying for, a technicality. Yet this is unavailing for two reasons. But Appellant only needs the Circuit Court to agree one of the reasons is valid. As long as one of the two is found valid, standing can be found sufficient for a recusal or disqualification… First on January 8, 2024 its undisputed. the District Court granted Appellant's #794 request for judicial notice which DOJ does not dispute but none of their attorneys have certified they have read the pages of the matters as the Judge required . Under Rule 201c and 201e judicial notice can only be accomplished by a party making a request to the Court. By the Courtgranting #794 Appellant's Rule 201 request judicial notice, <u>on January 8, 2024, Appellant became a party. Combined with DOJ, States, and Appellee opting not to challenge with an appeal.</u>

Rule 201© " Taking Notice. The court:

(1) may take judicial notice on its own; or

(2) must take judicial notice **if a party requests it** and the court is supplied with the necessary information. "

(d) Timing. The court may take judicial notice at any stage of the proceeding.

"(e) Opportunity to Be Heard. **On timely request, <u>a party is</u> entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be**

**noticed.** If the court takes <u>judicial notice before notifying a party, the party, on request</u>, is still entitled to be heard. "


Further, Appellant has rights after DOJ opposition already has

>The core reason the DOJ states why they consider Appellant a Non-Party solely is abrogated and proven outdated by the statue of evidence
>Rule 201 when paired with
>Rule 201(D

This Court can take judicial notice under Rule 201 as reply to

Opposition claim there

www.nytimes.com/2024/05/02/technology/judge-mehta-google-antitrust-closing-argum

+card&ia=web Sudowrite.com untitled folder Fiverr MooseMail https://duckd...irbill&ia=

Judge Grills U.S. and Google on Antitrust Claims - The New York Times

ter you close this window, Safari won't remember the pages you visited, your search history, or your AutoFill informati

**Antitrust Trial** | Closing Arguments | The Judge | What the U.S. Has Argued | Google's Defense | Wh

Before the start of closing arguments in a U.S. District Court for the District of Columbia courtroom, Jonathan Kanter, head of the Justice Department's antitrust division, approached Kent Walker, president of global affairs at Google, to chat.



Therefore the New York Times story the Court can take judicial notice of Satisfies (See accompanying Request For Judicial Notice #1-15) and defeats the statement by DOJ in its opposition on Page 4 stating "2. Mr. Greenspan has not provided any factual or legal basis" is further rendered false by the new factual basis of the unlawful prejudicial
ex parte secret meetings between Kanter and Kent Walker the New York Times discovered that is a humiliation of the rule of law by the DOJ when Allowing this obstruction of justice and contempt of District Court Judge,

DOJ never denied Kanter is still bound at least in part or may be reasonably anticipated would be if the Gentlemen's Agreement profits generated from suppressing employee wages Whch Koh reported Google and Apple, Microsoft engaged in between at least November 2003 and 2015 including when Kanter was legal counsel Defending those companies as consortium, so Kanter worked at all times as outside counsel for Kent Walker and for the common defense of News Corporation during some periods and Microsoft during other matters and times. Each were counter parties to Google and each company needed to be part of a purge of documents like Gentlemens Agreements such as the bribery of Apple Director Bill Campbell
The Department of Justice position will rest and fall on

their naked devoid of supporting fact claim

"the "Here the United States **challenges Google's. maintenance of search and search advertising monopolies, not agreements regarding the hiring of employees.**
 Nowhere does he explain how decade old representation of a non-party in **an unrelated matter** would create an impermissible conflict of interest"

The above statement is incorrect and illogical, erroneous, untested, unreviewed by the economics division of the antitrust division or NIST, or the FBI Quantico or DOD, DEA, or DOS. It contravenes Federal Court District Judge Koh who already beat revisionist history DOJ Kanter led weak non honoring duty to vigorously prosecute Defendant that is in contempt of court in the District Court against that conflicted judge. Judge Koh's Ruling was ruled Judiciary Noticed by the DC District CourtDocket #794 and says in part, these cases are the law of the land:

Kanter should further be disqualified for failing to prosecute and securing Payment for Federal Government and States who he has violated his duties to under 15c available by 15 U.S. Code § 15a (1), (2), (3), (4) proper use of the instead swapped into "non evidence"request for judicial notice in District Court which was ignored by the JudgeAppellant's Title III Standing were claims re-affirmed as summary judgment granted to Appellant for the matters class counsel pled and Delaware and now DC Federal Court
have granted and these are damages for Appellant and Class FRCP Rule 23 that

can be paid interest on those totals and RULE 701 Damages Report for losses in billions of dollars for public stockholders.



IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF | No. 347,2015 |
| Brad D. Greenspan | |
|     Plaintiff Below,<br>    Appellant | |
| FOR AN EXTRAORDINARY<br>WRIT OF CERTIORARI<br>In C.A. No. 9567 | |
| v. | |
| Twenty-First Century Fox, Inc, et al | |
|     Defendants Below,<br>    Appelles | |

**RECORD (SUPPLEMENTAL)**

i. September 23, 2015 FRCP Rule 23 Case No. 5:14-cv-04187 co-Defendant IAC/Interactive "Declaration of Kurt A. Kappes in Support of Defendant IAC/Interactive Corp's Bill of Fees And Costs"

ii. September 18, 2015 FRCP Rule 23 Federal District Judge Ruling Case No. 5:14-cv-04187 in favor of Plaintiff and against Defendants Twenty-First Century Fox, Inc., IAC/Interactive, et al.

iii. August 14, 2015, FRCP Rule 23 No. 5:14-cv-04187 co-Defendant Google, Inc. Motion To Consolidate & "DEFENDANT IAC/INTERACTIVE CORP'S NOTICE OF JOINDER TO GOOGLE, INC.'S ADMINISTRATIVE MOTION TO CONSOLIDATE HEARING DATES"

iv. August 20, 2015 FRCP Rule 23 5:14-cv-04062 "All Actions " ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS" Denial of Defendants Twenty-First Century Fox, Inc., Sony Corporation of America, Orrick Herrington Law LLC, claims for violation of Sherman Act 1, Clayton Act, Rule 17200 5:14-cv-04062

v. February 19, 2015 2nd Amended Class Action Case No. 5:14-cv-04187 vs Defendants Twenty-First Century Fox, Inc., IAC/Interactive, et al., and Google, Inc.

vi. July 7, 2014 FRCP Rule 23 Case No. 5:11-cv-02509 Motion To Consolidate Plaintiff's claims under FRCP 2521 against Defendants Twenty-First Century Fox, Inc. IAC/Interactive, Orrick Herrington Law LLC, and Google, Inc.

vii. March 28, 2014 FRCP Rule 23 Case No. 5:11-cv-02509- "ALL ACTIONS" "ORDER DENYING DEFENDANTS' INDIVIDUAL MOTIONS FOR SUMMARY JUDGMENT" for co-Defendants Google, Inc., Twenty-Century Fox, Inc., IAC/Interactive Inc., Apple Corporation, Intel Corporation, Adobe Corporation, violation of Sherman Act 1, Clayton Act, Rule 17200

DATED: September 27, 2015

Respectfully submitted,

/s/ Brad D. Greenspan
Brad D. Greenspan:
2995 Woodside Rd.
Suite 400 Woodside, CA 94062
Ph: 408-827-9656 ext: 454

1

15 U.S. Code § 15a - Suits by United States;
amount of recovery; prejudgment interest

Whenever the United States is hereafter injured in its business or property by reason of anything forbidden in the antitrust laws it may sue therefor in the United States district court for the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by it sustained and the cost of suit. The court may award under this section, pursuant to a motion by the United States promptly made, simple interest on actual damages for the period beginning on the date of service of the pleading of the United States setting forth a claim under the antitrust laws and ending on the date of judgment, or for any shorter period therein, if the court Snds that the award of such interest for such period is just in the circumstances. In determining whether an award of interest under this section for any period is just in the circumstances, the court shall consider only—

(1) whether the United States or the opposing party, or either party's representative, made motions or asserted claims or defenses so lacking in merit as to show that such party or representative acted intentionally for delay or otherwise acted in bad faith;
(2) whether, in the course of the action involved, the United States or the opposing party, or either party's representative, violated any applicable rule, statute, or court order providing for sanctions for dilatory behavior or otherwise providing for expeditious proceedings;

(3) whether the United States or the opposing party, or either party's representative, engaged in conduct primarily for the purpose of delaying the litigation or increasing the cost thereof; and

(4) whether the award of such interest is necessary to compensate the United States adequately for the injury sustained by the United States. Evidence in support of this

is Federal Judge Koh that District Court granted judicial notice

for Kanter and Department of Justice to read and certify to this

court it has been done. Otherwise they would not omit the

Order of the Court below granting the #794 Order judicial noticed facts in

their Motions for Affirmation. Which further triggered the 26.1(b) obligation

due the Department of Justice which is late.

If I am found to be a non-party then this Panel should first determine

if and why not Appellant immediately qualifiesunder 2020 Discover Order

(s)"Protected Person" which provides privilege remedies and rights

For non party like Appellant that provide information to the DOJ which

The DOJ now abrogates by acting like these provisions it entered into

It will not back stop or defend providers of information protected parties

Like Appellant under the Federal law and the discovery Order in this case.

**CONCLUSION**

Plaintiff files in good faith this Motion To Disqualify which requires that

Mr. Kanter be disqualified from continuing in this proceeding because of

significant conflicts of interest stemming from I serving as an attorney in the private sector and continuing to provide legal assistance or guidance to one or more non parties or parties in the matter which is prejudicial and not in the public interest and contravenes Appellant's rights and privileges under 7a-3 and 1514A.

Dated: May 13, 2024

RESPECTFULLY SUBMITTED,

*/s/ Brad Greenspan*

Brad Greenspan

244 5th Ave Suite #G290

New York, NY 10001
Email: legalsupport1@nym.hush.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, I electronically filed the foregoing motion with the Clerk of the Court of the United States Court of Appeal for the District of Columbia using the CM.ECF system; that other participants in this appeal are registered CM/ECF users; and that service on these other participants will be accomplished by the CM/ECF system.

/s/ Brad Greenspan

Certified Pro Se CM/ECF

Certificate of Compliance with Type-Volume Limit

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App.P. 32(a)(6) because:

G this document has been prepared in a proportionally spaced typeface using Word Office in Time New Roman 14 type. Words 1964

(s)_/s/__Brad Greenspan

Dated: May 13, 2024

EXHIBIT #1