IN THE
United States Court of Appeals
*for the*
District of Columbia Circuit

---

In re: BRAD GREENSPAN, on behalf of himself and all others similarly situated,
*Petitioner*,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*Respondent*,

and

UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN

*Plaintiffs*,

v.

GOOGLE, LLC.

*Defendant*.

STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA,

STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON,

*Real Parties in Interest*.

## MOTION RECONSIDERATION

                        Brad Greenspan
                        244 5th Ave, Suite #G290
                        New York, NY 10001
                        Email: legalsupport1@nym.hush.com
                        *Petitioner Pro Se*

## I  INTRODUCTION

This Court has miscomprehended the issue raised by the Appellant and therefore this motion for reconsideration is warranted.

## II  ARGUMENT

After Appellant intervened and sought to put new evidence into the record, the District Court dismissed stating key reasons for such denial in its January 9, 2024 Order (see Exhibit #1):

> "motions for reconsideration cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled,"

> "Here, Mr. Greenspan has identified no….new evidence"

However, today the district court made the following filing:

> The following transaction was entered on 6/27/2024 at 11:12 AM and filed on 6/27/2024
> Case Name: UNITED STATES OF AMERICA et al v. GOOGLE LLC
> Case Number:      1:20-cv-03010-APM
> Filer:
> Document Number:     995
> Docket Text:
> TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 35 MORNING SESSION before Judge Amit P. Mehta held on November 6, 2023; Page Numbers: 8807-8957. Date of Issuance: June 27, 2024. Court Reporter/Transcriber: William Zaremba: Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form
>
> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be

> accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.
>
> Redaction Request due 7/18/2024. Redacted Transcript Deadline set for 7/28/2024. Release of Transcript Restriction set for 9/25/2024.(Zaremba, William)"

Therefore, how could the record docketed as #995 Page Numbers: 8807-8957 "already constitute part of the record on appeal" as of this Circuit Court's June 17, 2024 Order?

More importantly, how can it be equitably disputed or raised in an appeal that the evidence Appellant sought to put into the record thru the prior Appellant filings in the district court was "new evidence" or "facts" which the court had not already ruled on, unless and until the Appellant has the opportunity to review the "facts and theories upon which a court has already ruled,", and such rulings by the court from before November 16, 2023 including the records being unsealed and made available by such district court such as docket #995 transcript Page Numbers: 8807-8957 from "BENCH TRIAL PROCEEDINGS - DAY 35 MORNING SESSION before Judge Amit P. Mehta" held on November 6, 2023; are

4

occurring only after the Appellant's motion to intervene and reconsideration motions were denied and Appellant's notice of appeal was filed?

## III    CONCLUSION

Therefore, Appellant seeks this Circuit court reconsider its ruling on its motions for relief sought under FRAP 10e(2)© pr 10(e)(3) or further explain how such request is moot when the evidence including Docket #995 is a new record produced today proving the Appellant has been denied "access to appellant's requested trial transcripts" until very recently and the district court is still completing its finalization of the records Appellant will rely on and has a right to make use of to support Appellant's appeal.

Dated: June 27, 2024

RESPECTFULLY SUBMITTED,

*/s/ Brad Greenspan*

Brad Greenspan

244 5th Ave Suite #G290

New York, NY 10001
Email: legalsupport1@nym.hush.com

EXHIBIT #1

| 01/09/2024 | | MINUTE ORDER denying Brad Greenspan's 790 Motion for Reconsideration and granting his 794 Motion to take Judicial Notice. This court's prior Minute Order denied Mr. Greenspan's motion to intervene, ECF No. 783, concluding that he did not have standing to intervene in this matter and, even if he had standing, his intervention would not be timely under Federal Rules of Civil Procedure 24. Mr. Greenspan seeks reconsideration of that decision and has submitted several unrelated filings and dockets from cases in other jurisdictions, requesting that this court take judicial notice of those filings in connection with the reconsideration motion. See ECF No. 794–1. First, the court takes judicial notice of the offered exhibits, though they are not ultimately relevant to the court's decision. Second, the court declines to reconsider its prior order. "Motions for reconsideration are 'disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances.'" Wright v. F.B.I., 598 F. Supp. 2d 76, 77 (D.D.C. 2009) (quoting Andreen v. Lanier, 582 F. Supp. 2d 48, 4950 (D.D.C. 2008)). This is because "motions for reconsideration cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." Klayman v. Jud. Watch, Inc., 296 F. Supp. 3d 208, 21314 (D.D.C. 2018) (quoting Estate of Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 & n.4 (D.D.C. 2011)) (internal quotation marks and alterations omitted). Here, Mr. Greenspan has identified no intervening change in law, new evidence, or other reason for this court to reconsider its prior decision. And, in any event, nothing presented in his motion alters the court's conclusions that he lacks Article III standing to intervene and that his application is untimely. Signed by Judge Amit P. Mehta on 1/9/24. (lcapm2) (Entered: 01/09/2024) |

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App.P. 32(a)(6) because:

This document has been prepared in a proportionally spaced typeface using Word Office in Time New Roman 14 type. Words 881

(s)_/s/__Brad Greenspan

Dated:   June 27, 2024